UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE COLEMAN,

        Plaintiff,

v.

        Case number 05-73200
        Honorable Julian Abele Cook, Jr.

JASON HORTON, ET AL.,

        Defendants.

## ORDER

On March 17, 2006, the Plaintiff, Lawrence Coleman, filed a motion, in which he asked the Court to reconsider its Order of March 3, 2006 that dismissed all of the Defendants as party litigants with the exception of the Defendant Howard Schwartz.[1] In support of his motion, Coleman generally contends that the Order, which has now been challenged by him, contains some "palpable defects, clear errors of law and fact[.]" Pl.'s Br. Support Mot. Recon.. at 2. For the reasons that are stated below, his motion for reconsideration must be denied.

I.

On April 20, 2004, Coleman initiated a lawsuit in this federal court, in which he questioned the legality of several decisions that had been made by a state court judge (Wayne County Circuit Court of Michigan), including her appointment of Jason Horton to serve as a receiver. In his capacity as a receiver, Horton was assigned the responsibility of selling a parcel of property in Springfield Township, Michigan, in which Coleman claims an ownership interest. However, on

---

[1] According to the Local Rules of this Court, "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order." E.D. Mich. LR 7(g)(1).

February 7, 2005, this Court dismissed all of Coleman's claims because he had (1) failed to obtain the requisite authority from the state court (as the appointing entity) to initiate a lawsuit against the receiver, as required by the law in Michigan;[2] and (2) "filed this lawsuit . . . in violation of existing federal law which mandates the imposition of an automatic stay whenever a petition for protection under the bankruptcy laws of the United Stated is filed."

On August 18, 2005, Coleman filed another lawsuit which essentially reasserted the same claims that had been addressed and were ultimately rejected by the Court on February 7, 2005. Thereafter, the Defendants, with the exception of Howard Schwartz, filed motions, in which they collectively asked the Court to dismiss Coleman's second lawsuit, citing the Order of February 7, 2005. In opposing the Defendants' request of dismissal, Coleman argued that the Michigan Court of Appeals had issued a decision on February 8, 2005 which had the practical effect of rendering the February 7th directive null and void.[3]

On March 3, 2006, the Court dismissed Coleman's second lawsuit against all of the named Defendants, with the exception of Schwartz. In dismissing Coleman's allegations, the Court found that "[a] full analysis of the issues that have been raised in the Defendants' motion to dismiss will not be necessary at this time because they have already been addressed, analyzed, and resolved by the Court in its Order of February 7, 2005." Moreover, in rejecting Coleman's arguments, the

---

[2] The Court also determined that Coleman had failed to proffer a sufficiency of evidence that Horton had committed fraud, which, if established, would have alleviated his statutory requirement to obtain leave from the Wayne County Circuit Court. *See McAfee v. Bankers Trust Co.*, 253 Mich. 685 (1931).

[3] Coleman argued that (1) "the Michigan Court of Appeals [on February 8, 2005] expressly stated [that] the receivership is to be terminated" and (2) "the [Michigan] Court of Appeals issued a decision that [his] land is not part of [the Springfield Township Property]."

Court determined that "there is no reason to modify its reasoning or its conclusions on the basis of this record."

Nevertheless, in his motion for reconsideration, which was filed on March 17, 2006, Coleman reargues the very same points that this Court found unnecessary to address in its Order of March 3, 2006.[4] Significantly, his motion for reconsideration does not challenge the reasoning within the March 3rd Order. Rather, the substance of Coleman's motion for reconsideration is directed to the Order of February 7, 2005, in which the Court did address the merits of his arguments. In effect, Coleman's motion for reconsideration is untimely since his motion substantively addresses the reasoning in the Order of February 7, 2005—not the reasoning in the Order of March 3, 2006. *See* E.D. Mich. LR 7(g)(1) (requiring motions for reconsideration to be filed within ten days of entry of the order). Accordingly, Coleman's motion for reconsideration must be, and is, denied.

---

[4]Notwithstanding Coleman's procedural deficiency in filing this motion, it should be noted that Coleman asserts that the stay of proceedings had been lifted by the Bankruptcy Court as of March 10, 2006. Notwithstanding, Coleman has not set forth any evidence that he obtained the requisite leave from the state court to sue Horton, as required under Michigan law. Rather, Coleman maintains in his motion for reconsideration that obtaining a leave of the court is unnecessary because Horton had committed acts of fraud outside the scope of his duties as a receiver. He also asserts that his status as a "third party" excuses him from obtaining leave from the Wayne County Circuit Court, citing *McAfee v. Bankers Trust Co.*, 253 Mich. 685 (1931). However, *McAfee* does not hold that third parties are exempt from the general rule that leave of the appointing court is a prerequisite to suing a receiver. Rather, the *McAfee* court only held that the general "rule is not usually applied to actions which do not affect the custody and control of receivership property. . . . [However,] [t]he court will not permit interference with the receiver's possession of [receivership] property." *Id.* at 687-88. Here, Coleman has not alleged that Horton took property that falls outside the receivership order of the Wayne County Circuit Court. Moreover, this Court noted in its Order of February 7, 2005 that "there is no evidence in this case of any claim by Coleman that Horton violated the specific [receivership] orders of the Wayne County Circuit Court judge." As such, this Court reiterates that Coleman, as a third party who claims to possess an interest in the receivership property, must obtain leave from the appointing court to initiate legal proceedings against Horton.

IT IS SO ORDERED.


DATED:   April 12, 2006                              s/ Julian Abele Cook, Jr.
         Detroit, Michigan                           JULIAN ABELE COOK, JR.
                                                     United States District Judge


Certificate of Service

I hereby certify that on April 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                     s/ Kay Alford
                                                     Courtroom Deputy Clerk